**UNITED STATES of America,
Plaintiff—Appellee,**

**v.**

**Jeffrey Andrew DIAZ, Defendant—
Appellant.**

**No. 07–10327.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 12, 2008.

Filed May 27, 2008.

Stacey W. Person, Esq., U.S. Department of Justice, Environment & Natural Resources Division, Washington, DC, for Plaintiff–Appellee.

David D. Carico, Attorney at Law, Monterey, CA, for Defendant–Appellant.

Before: HUG, KLEINFELD, and N.R. SMITH, Circuit Judges.

## MEMORANDUM *

Jeffrey Diaz appeals his 21 month sentence imposed for convictions arising out of his smuggling twelve Eurasian Eagle Owl eggs into the United States from Austria. Diaz argues that the district court erred in (1) calculating the market value of the smuggled wildlife and (2) applying a two-level increase for commercial purpose, which amounted to double-counting. We

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

review the district court's application of the Guidelines to the facts for abuse of discretion, and the district court's factual findings for clear error. *United States v. Cantrell*, 433 F.3d 1269, 1279 (9th Cir. 2006). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The district court did not abuse its discretion valuing the wildlife at issue by reference to the sales value of live birds, discounted by an optimum hatch rate. When the fair market retail price is difficult to ascertain, the district court is to "make a reasonable estimate using any reliable information." United States Sentencing Guidelines Manual, § 2Q2.1 comment (n. 4) (U.S.S.G.).

The district court did not engage in impermissible double-counting. Diaz failed to object to the district court's two-level enhancement for commercial purpose, thus we review for plain error. *See United States v. Randall*, 162 F.3d 557, 561 (9th Cir.1998). The Guidelines seek to punish a defendant for "all harm that resulted from the acts and omissions." U.S.S.G. § 1B1.3(a)(3). The market value adjustments punishes a different kind of harm than does the commercial purpose, therefore it is not impermissible double-counting. *See United States v. Reese*, 2 F.3d 870, 895 (9th Cir.1993).

**AFFIRMED.**

* This disposition is not appropriate for publication and is not precedent except as provided